ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>ANTHONIESHKA AVILÉS CABRERA<br>Peticionario | TA2026CE00552 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Número:<br>B VI2026G0001<br>B LA2026G0024<br><br>Sobre: Art. 93(A) y Art. 6.06 Ley168 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de mayo de 2026.

En esta ocasión, nos corresponde justipreciar si el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI o foro primario) incidió al denegar la solicitud de desestimación parcial del pliego acusatorio por asesinato en primer grado, que presentó Anthonieshka Avilés Cabrera (Peticionaria), al amparo de la Regla 64(p) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p).

Tras evaluar sosegadamente la causa de epígrafe, denegamos la expedición del auto de *Certiorari* solicitado. Nos explicamos.

**I.**

El 19 de agosto de 2025, el Ministerio Público de Puerto Rico (Ministerio Público o Recurrido) presentó dos (2) denuncias en contra de la Peticionaria. Le imputó haber cometido una infracción al Artículo 93(a) del Código Penal de Puerto Rico de 2012 (asesinato en primer grado), 33 LPRA sec. 5142, en contra de Gabriela Nicole Pratts Rosario (Gabriela Nicole) y una violación al Artículo 6.06 de la Ley Núm. 68-2019, Ley de Armas de Puerto Rico de 2020 (portación y uso de armas blancas), 25 LPRA sec. 466e.

En particular, la denuncia atinente al Artículo 93(a) del Código Penal, *supra,* establece que:

> [l]a referida imputada Anthonies[h]ka Avilés Cabrera en concierto y común acuerdo [con] Elvia Cabrera Rivera, allá en o para el día 11 de agosto de 2025 y en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aibonito, a propósito y con conocimiento, le ocasionó la muerte al ser humano Gabriela Nicole Pratts Rosario de 16 años de edad, utilizando un arma blanca, le ocasionaron múltiples heridas en varias partes del cuerpo que le ocasionó la muerte.
>
> Hecho contrario a la ley.

De otra parte, y en cuanto a la presunta comisión del delito establecido en el Artículo 6.06 de la Ley Núm. 68-2019, *supra,* el Ministerio Público expuso en la denuncia lo siguiente:

> [l]a referida imputada, Anthonies[h]ka Avilés Cabrera en concierto y común acuerdo con Elvia Cabrera Rivera, allá en o para el día 11 de agosto de 2025 y en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aibonito, a propósito y con conocimiento, sin motivo justificado utilizó un arma blanca, objeto cortante como de una pulgada de ancho aproximadamente, con punta filosa o un objeto similar que pueda ser considerado como un arma blanca, en la comisión del delito de CP Art. 93(a) asesinato en primer grado.
>
> Hecho contrario a la ley.

Durante la audiencia judicial, al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, el foro primario halló causa probable para arresto y luego celebró la vista preliminar, conforme a la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, los días 10, 12 y 20 de febrero de 2026. En ella, el Ministerio Público presentó los testimonios de Betzaida Caratini Ortiz, Gabriela Figueroa Arroyo y del Doctor Javier Serrano Serrano. Evaluada la prueba testifical, así como las argumentaciones de ambas partes, el TPI determinó causa probable para acusar a la Peticionaria por los delitos según imputados y, en su consecuencia, autorizó la presentación del correspondiente pliego acusatorio.[1]

En reacción, el 27 de marzo de 2026, la Peticionaria instó ante el foro primario una *Moción al Amparo de la Regla 64(p) de*

---

[1] El pliego de acusación fue presentado el 3 de marzo de 2026 y al Acto de Lectura de Acusación fue celebrado el 9 de marzo de 2026.

*Procedimiento Criminal.* Argumentó que, durante la vista preliminar, el Ministerio Público no desfiló prueba alguna de que la Peticionaria, con propósito y conocimiento, -en concierto y común acuerdo con su madre, Elvia Cabrera Rivera (Sra. Cabrera Rivera)- dio muerte a Gabriela Nicole. Enfatizó que, la prueba de cargo no estableció el concierto y común acuerdo en los actos delictivos imputados. Aseguró que, lo que demostró la prueba testifical que presentó el Ministerio Público fue que, la Peticionaria no entró a la pelea -en la cual Gabriela Nicole resultó muerta- con el propósito previo de matar. A su entender, la prueba de cargo reflejó que, en medio de dicho altercado, la Peticionaria recibió el arma con el cual presuntamente dio muerte a Gabriela Nicole, sin un propósito previo de matar.

Agregó la defensa que, según el testimonio de Gabriela Figueroa Arroyo, y previo a las múltiples peleas desatadas el día de los hechos, la Peticionaria y la Sra. Cabrera Rivera no se comunicaron, ni llegaron juntas al lugar; y que tampoco se comunicaron durante la pelea. Asimismo, arguyó que, no desfiló prueba de que llegaron a dicho lugar con el propósito común y acordado de matar a alguien, ni que actuaron de conformidad al poseer un arma punzante. Sustentado en lo anterior, la defensa solicitó la desestimación parcial del pliego acusatorio en cuanto al asesinato con propósito, con miras a que impute un asesinato atenuado en la modalidad de súbita pendencia.

Ante ello, el Ministerio Público se opuso al petitorio de la defensa. Argumentó que, el cuestionamiento de la suficiencia de la prueba sobre concierto y común acuerdo no presupone la ausencia total de prueba que requiere una desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra.* Añadió que, dicho planteamiento de la defensa va más bien dirigido a proponer una interpretación distinta de la evidencia presentada, propio de otra etapa procesal.

Aseguró haber cumplido con el estándar probatorio que corresponde a la vista preliminar, equivalente a una *scintilla* de evidencia, para establecer la responsabilidad penal imputada y su conexión con la Peticionaria. Sobre tales bases, el Ministerio Público solicitó la denegatoria de la *Moción al Amparo de la Regla 64(p) de Procedimiento Criminal* promovida por la defensa.

Como parte de sus funciones en el manejo del caso, el foro primario celebró una vista argumentativa para dilucidar los planteamientos de ambas partes en torno a la desestimación parcial del pliego acusatorio. Cumplido lo anterior y tras evaluar la regrabación de la vista preliminar, el 22 de abril de 2026, el TPI notificó la *Resolución* impugnada en la cual denegó el referido petitorio. En su pronunciamiento, el foro primario hizo constar lo siguiente:

> [e]n esta ocasión se nos solicita la desestimación parcial del pliego acusatorio presentado por asesinato en primer grado, bajo el argumento de que la prueba desfilada no establece un concierto y común acuerdo entre Anthonies[h]ka Avilés Cabrera y Elvia Cabrera Rivera, y que, en su lugar, conduce a la comisión de un delito de asesinato atenuado. En esencia, se sostiene que la acusada no intervino en los hechos con un propósito previo de causar la muerte, ni existe evidencia de que, junto a Elvia Cabrera Rivera, hubiese mediado un acuerdo común dirigido a ese fin.
>
> No podemos coincidir con esa apreciación. En este caso, la prueba testifical establece que, en medio de una confrontación física, Elvia Cabrera Rivera extrajo un objeto punzante de su cartera y se lo entregó a Anthonies[h]ka Avilés Cabrera, quien acto seguido lo utilizó contra Gabriela Nicole Prats Rosario realizando movimientos repetitivos, como si estuviera dando puños. Esa secuencia de eventos, evaluada dentro del marco probatorio requerido para la vista preliminar, es suficiente para sostener una inferencia razonable sobre la participación de ambas en los hechos, así como que la conducta se realizó a propósito o con conocimiento, según requiere el delito imputado.
>
> Por otro lado, el planteamiento de que la prueba conduce a un delito distinto o atenuado tampoco justifica la solicitud presentada. Aun cuando la evidencia pudiera ser susceptible de distintas interpretaciones en cuanto al grado de la conducta, lo determinante en esta etapa es si existe prueba sobre los elementos del delito imputado. En este caso, la utilización de un objeto punzante contra la víctima, en

las circunstancias descritas, permite inferir razonablemente que la conducta se realizó a propósito o con conocimiento.

En consecuencia, no se trata de un caso de ausencia total de prueba que amerite la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. Por consiguiente, este Tribunal declara No Ha Lugar la solicitud presentada.

No conteste, la Peticionaria acude ante esta Curia mediante el recurso de epígrafe en el cual imputa al foro primario lo siguiente:

Erró el TPI al declarar sin lugar la solicitud de desestimación del pliego acusatorio al amparo de la Regla 64(p) y violentó el debido proceso de ley de la Peticionaria con su determinación cuando existe ausencia total de prueba de que los elementos subjetivos del delito: a propósito, y con conocimiento estuvieran presentes previos a la pelea súbita ocurrida, por lo que no se sostiene la determinación de causa por asesinato en primer grado.

En respuesta a nuestra *Resolución,* notificada el 6 de mayo de 2026, el Recurrido comparece mediante su *Escrito en Cumplimiento de Orden,* el 13 de mayo de 2026, y solicita la denegatoria a la expedición del auto de *certiorari* de epígrafe. En síntesis, argumenta que, no se cumplen los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, para justificar la intervención de esta Curia en esta etapa de los procesos. Agrega que, la Peticionaria no logró establecer que existe ausencia total de prueba con respecto a algún elemento del delito imputado, o su conexión con la Peticionaria.

Con el beneficio de las posturas de ambas partes y la transcripción de la prueba desfilada en la vista preliminar, así como los procesos en la vista argumentativa, procedemos a resolver. A continuación, resaltamos las normas jurídicas aplicables al curso decisorio de esta Curia.

**II.**

Atinente al señalamiento de error que formula la Peticionaria, debemos señalar que la causa ante nos, se circunscribe a la etapa

procesal correspondiente a la celebración de una vista preliminar que procede cuando a una persona se le imputa un delito de naturaleza grave. Regla 23 de Procedimiento Criminal, *supra*; *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 623 (2021). Esencialmente, la vista preliminar tiene el fin principal de evitar someter de manera injustificada a una persona a los rigores de un proceso penal. *Pueblo v. Santiago y en interés menor FLR,* 205 DPR 7, 28 (2020). De conformidad, el Ministerio Público está obligado a presentar, en la vista preliminar, evidencia admisible y suficiente en derecho para demostrar que están presentes todos los elementos del delito y su conexión con el imputado, sin que sea necesario probar lo antes más allá de toda duda razonable. *Íd.*

En esta coyuntura es importante señalar que, la vista preliminar no es un "mini juicio" y el Ministerio Público no tiene que presentar toda la prueba en su poder. *Íd.*; *Pueblo v. Rivera Cuevas,* 181 DPR 699, 706 (2011). La prueba del Ministerio Público será evaluada por el juez o jueza quien, de quedar convencido o convencida, de que la prueba ofrecida es admisible en un juicio plenario, es sobre los elementos del delito imputado y su conexión con el o la imputada, autorizará al Estado a presentar una acusación. *Pueblo v. Negrón Nazario,* 191 DPR 720, 734 (2014). *Pueblo v. Santiago y en interés menor FLR,* supra. Cabe puntualizar que, la autorización para presentar una acusación no constituye la adjudicación de culpabilidad del acusado. *Íd.*, citando a *Pueblo v. Andaluz Méndez,* 143 DPR 656, 661 (1997).

Ante una determinación de causa probable para acusar, el imputado tiene el remedio de la desestimación, al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.* La referida regla permite la desestimación de una acusación o denuncia (en casos menos graves). *Íd.*; Véase, además, *Pueblo v. Negrón Nazario,* supra.

La moción al amparo de la Regla 64(p) de Procedimiento Criminal, *supra,* debe demostrar claramente que "hubo ausencia total de prueba" o que "se infringió alguno de los requisitos o derechos procesales que se deben observar en [la vista preliminar]". *Pueblo v. Negrón Nazario*, supra; *Pueblo v. Rivera Vázquez,* 177 DPR 868, 878 (2010). Ello es necesario porque, al igual que toda decisión de los foros judiciales, la determinación de causa probable durante la vista preliminar goza de una presunción legal de corrección. *Pueblo v. Nieves Cabán,* 201 DPR 853, 866 (2019).

El Tribunal Supremo de Puerto Rico ha dictaminado que, el resultado de la vista preliminar pueda variar ante la "carencia absoluta de prueba tendiente a demostrar que existe tal causa probable para creer que se ha cometido un delito y que el acusado lo cometió". *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 691 (1994), citando a *Vázquez Rosado v. Tribunal Superior,* 100 DPR 592 (1972). Para llevar a cabo esta adjudicación, el Tribunal de Primera Instancia tiene la discreción de señalar una vista para entender y recibir prueba, o puede rechazar la moción de desestimación de plano "si de su faz y de las constancias en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba". *Pueblo v. López Guzmán,* 131 DPR 867, 896 (1992), citando a *Pueblo v. Tribunal Superior,* 104 DPR 454, 459-460 (1975).

Ahora bien, ante la inconformidad de una parte sobre la determinación de causa probable, la misma será revisada mediante un recurso de *certiorari.*

Como se sabe, el auto de *certiorari* es un vehículo procesal de naturaleza extraordinaria y discrecional por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). De conformidad, la determinación de expedir o denegar un auto de *certiorari* descansa

en un marco de discreción y razonabilidad. *Pueblo v. Rivera Montalvo,* 205 DPR 352 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023); *Pueblo v. Rivera Montalvo*, supra.

### III.

Al entender sobre la causa de naturaleza interlocutoria y discrecional, nos corresponde sopesar si procede nuestra intervención sobre el dictamen recurrido, según los criterios

establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

En su recurso, la Peticionaria imputa al foro primario haber incidido al denegar su solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.* A su entender, el Recurrido no presentó prueba sobre el concierto y común acuerdo entre la Peticionaria y la Sra. Cabrera Rivera, a pesar de que, "sólo corresponde hablar de coautoría cuando hay acuerdo previo." (Énfasis suprimido.)[2] Añade que, tampoco el Ministerio Público demostró que existiese el propósito de matar a Gabriela Nicole Pratts Rosario previo a la pelea. Luego de hacer un recuento de los cambios en nuestro ordenamiento jurídico atinentes a la figura del asesinato y a los términos "deliberación y premeditación", la Peticionaria expone que, "es errado afirmar que no puede configurarse un asesinato atenuado si se ha actuado con la antes llamada intención al momento de darle muerte a la víctima. Igual de errado es tener en cuenta la cantidad de heridas infligidas, porque lo determinante es si esas heridas fueron el producto de una súbita pendencia o perturbación mental suficiente."[3]

Según la Peticionaria, existe ausencia total de prueba de que los estados mentales "a propósito o con conocimiento" se desarrollaron o existían previo a que la Peticionaria estuviese envuelta en la pelea y antes de recibir el objeto punzante de la Sra. Cabrera Rivera. En cuanto a la inferencia razonable que hizo constar el TPI en su dictamen, sobre la participación de la Peticionaria y de la Sra. Cabrera Rivera en los hechos, la Peticionaria afirma "ni tan siquiera para propósitos de la vista preliminar, el debido proceso de ley permite que por inferencia y no por la presentación de prueba, se encuentren probados los elementos subjetivos del delito."[4]

---

[2] Petición de *Certiorari,* pág. 10.
[3] *Íd.*, pág. 25.
[4] *Íd.*, pág. 30.

Asimismo, la Peticionaria detalla que, lo que demostró la evidencia del Ministerio Público fue que la muerte de Gabriela Nicole ocurrió "en una pelea súbita, en medio de una reacción repentina, sin reflexión previa, sin plan ni planificación anterior."[5] Puntualiza que, la prueba de cargo más bien demuestra la comisión de un asesinato atenuado en la modalidad de súbita pendencia, codificado en el Artículo 95 del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5144. Sustentado en lo anterior, suplica la desestimación de la acusación por asesinato en primer grado.

Por su parte, en su *Escrito en Cumplimiento de Orden*, el Ministerio Público reitera que, un dictamen de causa probable para acusar goza de una presunción de corrección. Enfatiza que, la Regla 64(p) de Procedimiento Criminal, *supra,* únicamente aplica ante una total ausencia de prueba, lo cual señala que la Peticionaria no cumplió. Expone que, no se consuman los elementos de provocación suficiente para que la Peticionaria invoque la súbita pendencia. Asegura haber demostrado, mediante el estándar de una *scintilla* de evidencia, el elemento subjetivo del asesinato en primer grado "a propósito o con conocimiento" mediante el testimonio pericial, del cual se desprende que "la cantidad de heridas causadas y su distribución en el cuerpo se puede inferir que 'existe la intención de causar la muerte a la persona'."[6]

Atinente al elemento de "concierto y común acuerdo" o "designio común" entre la Peticionaria y la Sra. Cabrera Rivera, el Recurrido discute haberlo establecido mediante el testimonio de Betzaida Caratini Ortiz, del cual "se desprendió que mientras la peticionaria se encontraba enfrascada en el asunto, su madre —aquí coacusada— caminó deliberadamente hasta donde ella estaba, abrió su cartera, 'met[ió] la mano, rebusc[ó]', 'empuñ[ó] y sac[ó]' un objeto

---

[5] *Íd.,* pág. 31.
[6] *Escrito en Cumplimiento de Orden,* pág. 36.

punzante de un color entre negro y plateado, de aproximadamente cinco (5) pulgadas y media a seis (6) pulgadas y acto seguido se lo entregó directamente a su hija."[7]

El Ministerio Público añade a lo anterior que, las declaraciones de Gabriela Figueroa Arroyo sustentaron el designio común entre la Peticionaria y la Sra. Cabrera Rivera al establecer que, "aproximadamente a las 3:00 a.m., [Gabriela Figueroa Arroyo] le escribió a la peticionaria a través de Tik Tok comunicándole que sabía de la muerte de Lela. La respuesta que recibió fue contundente: 'Tú vas a hacer lo que mami te diga'."[8] Fundamentado en lo antes, el Recurrido asegura que, la entrega deliberada del arma blanca durante el ataque, en conjunto con la instrucción posterior a la testigo Gabriela Figueroa Arroyo de acatar las órdenes de la Sra. Cabrera Rivera "conforman un cuadro probatorio que sustenta *prima facie* el designio común imputado."[9]

Surge del dictamen recurrido que, tras examinar la moción dispositiva parcial, la oposición del Ministerio Público, la regrabación de la vista preliminar, así como los argumentos de ambas partes durante la vista argumentativa para dilucidar la procedencia de la desestimación parcial del pliego acusatorio, el foro primario concluyó que, la evidencia desfilada fue suficiente conforme el *quantum* de prueba requerido por nuestras reglas, para justificar la presentación del pliego acusatorio correspondiente al delito imputado. Ello, por entender que, existe prueba suficiente sobre los elementos del delito de asesinato en primer grado imputado y conexión con la peticionaria. De conformidad, denegó la solicitud de la Peticionaria al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.*

---

[7] *Íd.*, pág, 37.
[8] *Íd.*, págs. 37-38.
[9] *Íd.*, pág. 38.

Hemos examinado sosegadamente el expediente ante nos, incluyendo la transcripción de la vista preliminar, a la luz del derecho aplicable. Lo antes, nos mueve a concluir que, no se desprende condición o factor determinante que valide nuestra función revisora e intervención sobre el proceder del foro primario en esta etapa de los procedimientos judiciales de rigor. A nuestro entender, ante la ausencia de fundamentos jurídicos que sostengan la expedición del auto del *certiorari* solicitado tampoco se cumplen los criterios doctrinales reconocidos en apoyo a la revisión y revocación del pronunciamiento judicial, según promovido por la Peticionaria en el recurso ante nos.

Consideramos que, la Peticionaria no nos ha puesto en posición de hallar fundamento alguno que justifique dejar sin efecto el dictamen interlocutorio que autoriza la presentación del pliego acusatorio en su contra, en ausencia de un error manifiesto, arbitrariedad, prejuicio, o parcialidad por parte del foro primario. Tampoco identificamos criterio alguno que nos obligue a intervenir con la *Resolución* recurrida para evitar un fracaso a la justicia en esta etapa de los procesos. En su consecuencia y al amparo de los principios que guían la expedición del auto de *certiorari* que dispone la Regla 40 de nuestro Reglamento, *supra,* no procede ejercer nuestra función revisora e intervenir sobre el dictamen recurrido.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *Certiorari,* según presentado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones